UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT A. PERINO,

        Plaintiff,

        v.

ROBERT COLE, et al.,

        Defendants.

CASE NO. C04-2151RSM

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

        This matter is before the Court for consideration of defendants' motion to dismiss the complaint. The Court has considered the motion, plaintiff's response (which was filed as a motion to strike but construed by the Court as a response to the motion to dismiss), and defendants' reply. For the reasons set forth below, the Court GRANTS defendants' motion.

### DISCUSSION

        Plaintiff Scott Perino, appearing *pro se*, filed this action alleging jurisdiction under the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq*. Section 3613 provides a private right of action for persons aggrieved under the statute, to be brought within two years after "the occurrence or the termination of an alleged discriminatory housing practice. . . ." 42 U.S. C. § 3613(a)(1)(A).

        The defendants named in this action are a private water association, the board members of that association, and their attorney. Plaintiff alleges that various board members interfered with his efforts to communicate with other members of the association by distributing flyers and asking questions at

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 1

...

association meetings. Defendants also ordered him to stop applying for state and federal grants. The grants to which plaintiff refers are not clearly defined; he has mentioned grants available to the water association, grants available to him and his wife for assistance in paying their water bills and other home expenses, and "grants for buying homes . . to rent to low income families", as well as grants for plaintiff's own "business ventures." Amended Complaint, filed December 22, 2004.

These allegations wholly fail to state a claim under the federal Fair Housing Act, which prohibits discrimination in housing transactions on the basis of "race, color, religion, sex, handicap, familiar status, or national origin." 42 U.S.C. § 3605(a). Plaintiff has alleged neither that he is a member of any protected class under this statute, nor that any real estate-related transaction was involved. Nor is any named defendant an "entity whose business includes engaging in residential real estate-related transaction." 42 U.S.C. § 3605(a). It is clear from the facts alleged in the complaint that no amendment could cure these defects.

Plaintiff also alleges that defendants harassed him in violation of RCW 9A.46.010, a state criminal anti-harassment statute. This Court lacks jurisdiction to consider allegations of violation of a state criminal statute.

Accordingly, defendants' motion to dismiss is GRANTED, and the complaint is DISMISSED for lack of jurisdiction and failure to state a claim. All pending motions, including the motions for court intervention, for a "cease and desist" order, and for a protective order are all STRICKEN from the Court's calendar.

DATED this __18__ day of May, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS - 2